Filed 3/24/23  P. v. Wells CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>VERONIKA WELLS,<br><br>      Defendant and Appellant. | A165928<br><br>(Lake County<br>Super. Ct. No.<br>CR960594) |

Appellant Veronika Wells appeals from a judgment following her no contest plea to one count of failure to register a change of address pursuant to Penal Code section 290 et seq. (Pen. Code, § 290.013, subd. (a)).[1]  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised appellant of her right to file a supplementary brief to bring to this court's attention any issue she believes deserves review. (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief. We have reviewed the record, find no arguable issues, and affirm.

---

[1] All undesignated section references are to the Penal Code.

1

BACKGROUND

In February 2022, a felony complaint alleged appellant was a person required to file a change of address pursuant to section 290 et seq. and failed to do so in violation of section 290.013, subdivision (a). According to the probation report, law enforcement went to appellant's listed residence multiple times and found it unoccupied; several neighbors reported they had not seen appellant in weeks; and it was later determined appellant had relocated to a different county.

In May 2022, appellant pled no contest. The plea agreement provided that appellant would be sentenced to not more than the low term of 16 months in prison and that "probation can be considered per applicable law."

In July 2022, the court denied probation and sentenced appellant to 16 months in prison. The court found appellant did not have the ability to pay fines or fees. Appellant was awarded no custody credits.

DISCUSSION

Because appellant pled no contest and did not file a motion to suppress below, the scope of the reviewable issues is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings resulting in the plea, and post-plea sentencing issues. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895–896; *People v. Shelton* (2006) 37 Cal.4th 759, 766.)

Appellant was adequately represented by legal counsel throughout the proceedings. Appellant completed a plea form that described the constitutional rights she was waiving by entering a no contest plea, the trial court confirmed appellant understood she was giving up those rights, and the court found defendant freely and intelligently waived those rights. Defense counsel stipulated to a factual basis for the plea. Appellant was properly

2

advised of the consequences of her plea by the written plea form and the trial court.

The sentence was consistent with the plea agreement and the denial of probation was not an abuse of discretion. The award of no custody credits was proper as appellant was not in custody during the proceedings.

DISPOSITION

The judgment is affirmed.

_____

SIMONS, Acting P. J.

We concur.

_____

BURNS, J.

_____

LANGHORNE, J.*

(A165928)

---

* Judge of the Napa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.